UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATALIE WELLS, on behalf of herself and all others similarly-situated,<br><br>             Plaintiff,<br><br>    -against-<br><br>HILDA DEMIRJIAN LASER & SPA, LLC, and HILDA DEMIRJIAN, in her professional and individual capacities, and NICOLE SPRAGUE, in her professional and individual capacities,<br><br>             Defendants. | **Docket No.:**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**14 CV 3461**

**JUDGE ROMAN**

Plaintiff NATALIE WELLS ("Wells" or "Plaintiff"), on behalf of herself and all others similarly situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through her attorneys, Borrelli and Associates, P.L.L.C, brings this action for damages and other legal and equitable relief against HILDA DEMIRJIAN LASER & SPA, LLC ("HDL&S"), and HILDA DEMIRJIAN ("Demirjian"), in her professional and individual capacities, and NICOLE SPRAGUE ("Sprague"), in her professional and individual capacities (collectively as "Defendants"), and alleges upon knowledge as to herself and her own actions and information and belief as to all other matters as follows:

## NATURE OF CASE

1.      This is a civil action for damages and equitable relief based upon violations committed by the Defendants of Plaintiff's, FLSA Plaintiffs', and Rule 23 Plaintiffs' rights guaranteed to them by: (i) the FLSA's minimum wage provisions, 29 U.S.C. § 206(a); (ii) the NYLL's minimum wage provisions, N.Y. Lab. Law § 652(1); (iii) the NYLL's prohibition on

management retaining tips and gratuities meant for non-managerial employees, N.Y. Lab. Law §§196 *et seq.*, New York State Department of Labor's Hospitality Industry Wage Order § 146-2.18; (iv) New York common law, which guarantees an individual's right to exercise dominion over his or her own property, specifically Plaintiff's tips that the Defendants converted for their own use; (v) the NYLL's requirement that employers furnish employees with wage statements on each payday containing specific categories of accurate information, N.Y. Lab. Law § 195(3); (vi) the NYLL's provision prohibiting an employer from retaliating against an employee for engaging in protected activity, N.Y. Lab. Law § 215(1)(a);  and (vii) any other claims(s) that can be inferred from the facts set forth herein.

## PRELIMINARY STATEMENT

2.     The Defendants own, operate and manage a high-end massage parlor and spa in White Plains, New York.  As discussed below, throughout her employment with them, the Defendants did not pay Plaintiff in accordance with the minimum wage requirements of the FLSA and NYLL.  Additionally, when the Defendants' patrons left tips for Plaintiff and other non-managerial employees, Defendants HDL&S and Demirjian allowed Defendant Sprague, a manager of HDL&S, to convert for her own use a significant portion of those tips left for non-managerial employees.  The Defendants also never provided Plaintiff with accurate paystubs on each payday as required under the NYLL.

3.     Making matters worse, after Plaintiff complained to the Defendants about their unlawful payment practices, the Defendants retaliated by terminating Plaintiff's employment.

4.     Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of 29 U.S.C. § 216(b), on behalf of herself and all other persons similarly-situated

during the applicable FLSA limitations period who suffered damages as a result of the Defendants' violations of the FLSA.

5.      Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of herself and all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL, the supporting New York State Department of Labor regulations, and New York common law.

## JURISDICTION AND VENUE

6.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq.*  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state law claims.

7.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(ii), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(i), as one or more of the defendants reside within this judicial district.

## PARTIES

8.      At all relevant times herein, Plaintiff is a resident of the State of New York and is a "person" and an "employee" entitled to protection as defined by the FLSA and NYLL.

9.      At all relevant times herein, Defendant HDL&S is a New York limited liability company with its principal place of business located at 508 Mamarondeck Avenue, White Plains, New York, 10606.

10.     At all relevant times herein, Defendant Demirjian: is an owner and overseer of the day-to-day operations of Defendant HDL&S; makes both supervisory and managerial decisions for Defendant HDL&S; and had the power to, and did in fact, hire and fire employees, supervise

3

and control employee work schedules and conditions of employment, and determine the rates of employee pay and methods of payment.

11.    At all relevant times herein, Defendant Sprague: is a manager and overseer of the day-to-day operations of Defendant HDL&S; makes both supervisory and managerial decisions for Defendant HDL&S; and had the power to, and did in fact, hire and fire employees, supervise and control employee work schedules and conditions of employment, and determine the rates of employee pay and methods of payment.

12.    At all relevant times herein, Defendants are "employers" and "persons" within the meaning of the FLSA and NYLL.  The Defendants' qualifying annual business exceeds $500,000, and the Defendants are engaged in interstate commerce within the meaning of the FLSA as their employees handle products and supplies that were manufactured and delivered from outside the State of New York, and Defendants serve a diverse clientele who regularly travel to and/or reside in States other than New York, the combination of which subjects the Defendants to the FLSA's overtime requirements as enterprise.  Additionally, Plaintiff, FLSA Plaintiffs and Rule 23 Plaintiffs are and/or were all individually engaged in interstate commerce during their employment with Defendants, as they all routinely worked with supplies and customers that originated or resided in states other than New York.  This independently subjects the Defendants to the FLSA's overtime requirements with respect to Plaintiff, FLSA Plaintiffs and Rule 23 Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

13.    Plaintiff seeks  to bring this suit to recover from Defendants her full payment of all unpaid minimum wages and liquidated damages pursuant to the applicable provisions of the FLSA, pursuant to 29 U.S.C. § 216(b), on her own behalf as well as those in the following class:

Current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work as non-managerial employees who give consent to file a claim to recover damages for minimum wages that are legally due to them under the FLSA ("FLSA Plaintiffs").

14.     The Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: performed similar tasks, as described in the "Background Facts" section below; were subject to the same laws and regulations; were paid in the same or similar manner; and were not paid at an amount equal to the minimum hourly required rate of pay per hour worked.

15.     At all relevant times, the Defendants are and have been aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the minimum hourly required rate of pay per hour for all hours worked, yet they purposefully chose not to do so.

16.     Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees minimum wage.

## <u>RULE 23 CLASS ALLEGATIONS</u>

17.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on her own behalf, as well as on behalf of those who are similarly-situated who, during the applicable statutory period, the Defendants subjected to violations of the NYLL, NYCCRR, and New York common law.

18.     Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

d.  The representative will fairly and adequately protect the class; and

e.  A class action is superior to other methods of adjudication.

19.   The Rule 23 Class that Plaintiff seeks to define includes:

> Current and former employees of Defendants who performed any work as non-managerial employees during the applicable limitations period within the State of New York, who (1) did not receive compensation at the legally-required minimum rate of pay for each hour worked; (2) did not receive wages in the form of tips that Defendants' customers left for them because Defendants' management wrongfully converted those tips for its own use; and (3) were not issued accurate or any pay stubs/wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3) ("Rule 23 Plaintiffs").

Numerosity

20.   During the previous six years, Defendants have, in total, employed at least in excess of forty non-managerial employees that are putative members of this class.

Common Questions of Law and/or Fact

21.   There are common questions of law and fact that govern the claims that are available to each and every Rule 23 Plaintiff, including but not limited to the following: the duties that the Defendants required and require each Rule 23 Plaintiff to perform; the hours that the Defendants required and require each Rule 23 Plaintiff to work; whether the Defendants paid Rule 23 Plaintiffs at the minimum wage rate for each hour worked; whether the Defendants notified Rule 23 Plaintiffs of their intention to claim a tip credit against the minimum wage; whether the Defendants' management failed to pay Rule 23 Plaintiffs any tips left by patrons and intended for them; whether Defendants' management converted the tips that customers left for Rule 23 Plaintiffs for their own use; whether the Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by

6

N.Y. Lab. Law § 195(3); whether the Defendants kept and maintained records with respect to each hour worked by the Rule 23 Plaintiffs; whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs or the tips that customers left for the Rule 23 Plaintiffs; whether the Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; if so, whether the Defendants' violations were in willful violation of the NYLL and supporting regulations; and if so, what the proper measure of damages is.

<u>Typicality of Claims and/or Defenses</u>

22.     As described in the facts section below, Defendants employed Plaintiff as a non-managerial, hourly worker. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom she seeks to represent, as the Rule 23 Plaintiffs work, and/or have worked for Defendants as non-managerial employees whom the Defendants: did not pay at an amount at least equal the minimum wage rate for each hour worked; did not issue accurate wage statements to on each pay day; and converted their tips for Defendants' own use. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL and New York common law to be paid the minimum wage, to receive the tips paid to them by patrons, to not have management convert those tips for its own use, and to be furnished with accurate paystubs on each payday. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations. Plaintiff and the Rule 23 Plaintiffs have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or the

Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

<u>Adequacy</u>

23.    Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout her employment with Defendants.  The Defendants did not pay Plaintiff the minimum wage, converted her tips, and failed to furnish accurate wage statements to Plaintiff, which is substantially-similar to the payment practices to which the Defendants subjected the Rule 23 Plaintiffs.  Plaintiff is no longer employed with the Defendants, and thus has no fear of retribution for her testimony.  Plaintiff fully anticipates testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendants' Answer.  Thus, Plaintiff would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

<u>Superiority</u>

24.    Plaintiff has few, if any, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

25.    Any lawsuit brought by a non-managerial, hourly employee of the Defendants would be identical to a suit brought by any other employee for the same violations.  Thus, separate litigation would risk inconsistent results.

26.    Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this method is properly maintainable as a Class Action under FRCP 23(b)(3).

27.    Additionally, Plaintiff's counsel has substantial experience in this field of law.

## BACKGROUND FACTS

28.     Defendants own, operate, and manage a high-end health spa/massage parlor in White Plains, New York.

29.     At all relevant times, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs were performing their duties for the benefit of and on behalf of Defendants.

30.     Plaintiff worked for Defendants as a massage therapist from in or around October 2013 until in or around March 2014.

31.     For the duration of Plaintiff's employment with Defendants, Plaintiff's primary source of compensation was in the form of tips.

32.     Defendants Demirjian and Sprague both managed the health spa/massage parlor on a daily basis, and set policy with regard to payment of employees, including the manner in which employees were paid.  Defendants never notified Plaintiff, either verbally or in writing, that Defendants would credit Plaintiff's tips towards Plaintiff's hourly wage in order to meet their minimum wage obligations under the FLSA and NYLL.

33.     Additionally, Defendants consistently paid Plaintiff a rate below the minimum wage under both the FLSA and NYLL.  The hourly rate that Defendants paid to Plaintiff varied from week to week.

34.     For example, during the week ending January 11, 2014, Defendants paid Plaintiff $6.87 per hour worked.  During the week ending January 25, 2014, Defendants paid Plaintiff $7.18 per hour worked.  Thus, for these weeks, and for the majority of weeks during Plaintiff's employment with Defendants, the Defendants paid to Plaintiff a wage that was less than minimum wage mandated under both the FLSA and NYLL.

35.     Throughout Plaintiff's employment with the Defendants, the Defendants' patrons left gratuities, in the form of cash payments, with Defendants' management to give to Plaintiff, as well as to other non-managerial employees.

36.     Defendant Sprague, whose duty was to accept payment from customers, was also responsible for accepting these tips from the customers on behalf of individual massage therapists, and in turn giving the tips to the respective massage therapist.

37.     Instead of forwarding the tips, Sprague, with Defendant Demirjian's knowledge and consent, simply converted a significant portion of these tips left for Plaintiff and the other non-managerial employees for her own use.

38.     Additionally, while Defendants issued Plaintiff a "pay stub" on each pay day, these paystubs did not accurately reflect the total number of hours Plaintiff worked during the week, and in fact indicated that she had worked "zero" hours per week.

39.     Defendants' failure to pay Plaintiff in accordance with the FLSA, NYLL and NYCCRR was flagrant and willful.

40.     In or around late February 2013, Plaintiff complained on numerous occasions to Defendant Demirjian about Sprague's continued conversion of Plaintiff's and the other employee's tips. In retaliation for these complaints, on or around March 4, 2014, the Defendants terminated Plaintiff's employment.

41.     Prior to the commencement of this action, Plaintiff served a Notice of Claim on the Attorney General pursuant to NYLL § 215(2)(b).

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Minimum Wage Violations of the FLSA*

42.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

10

43.     29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

44.     As described above, Defendants are employers within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

45.     As also described above, Defendants did not compensate Plaintiff and FLSA Plaintiffs for all hours worked at the minimum hourly rate required by the FLSA.

46.     Defendants' actions were in willful violation of the FLSA.

47.     Plaintiff and FLSA Plaintiffs are entitled to the difference between those amounts that Defendants paid to them and that which they were legally due under the FLSA's minimum wage provisions.

48.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorney's fees for the Defendants' violations of the FLSA's minimum wage provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Minimum Wage Violations of the NYLL*

49.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

50.     NYLL § 652(1) prescribes a minimum wage that employers must pay to their employees for each hour worked.

51.     As described above, Defendants are or were "employers" within the meaning of the NYLL, while Plaintiff and Rule 23 Plaintiffs are "employees" within the meaning of the NYLL.

52.     As also described above, Defendants did not compensate Plaintiff and Rule 23 Plaintiffs for all hours worked at the minimum hourly rate required by the NYLL.

53.     Defendants' actions were in willful violation of the NYLL.

54.     Plaintiff and Rule 23 Plaintiffs are entitled to the difference between those amounts that Defendants paid to them and that which they were legally due under the NYLL's minimum wage provisions.

55.     Plaintiff and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorney's fees for the Defendants' violation of the NYLL's and NYCCRR's minimum wage provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*(Failure to Distribute Tips in Violation of the NYLL and the Hospitality Industry Wage Order)*

56.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

57.     At all relevant times, each Defendant is an "employer" within the meaning of the Labor Law.

58.     At all relevant times, Plaintiff and Rule 23 Plaintiffs are or were "employees" within the meaning of the Labor Law.

59.     Defendants simply and willfully did not distribute tips left by patrons of its establishment for the Plaintiff and the Rule 23 Plaintiffs.

60.     This failure to distribute tips is in violation of Labor Law §196-d and the New York State Department of Labor's Hospitality Industry Wage Order.

61.     Defendants are liable to Plaintiff and Rule 23 Plaintiffs for this conduct.

62.     Plaintiff and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorney's fees for the Defendants' conduct.

12

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Proper Wage Statements in Violation of the NYLL*

63.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64.     N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

65.     As described above, the Defendants willfully failed to furnish Plaintiff and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

66.     Pursuant to N.Y. Lab. Law § 198(1-d), the Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $100 for each failure of this sort.

67.     For their failures, besides the statutory penalties, the Defendants are also liable to Plaintiff and Rule 23 Plaintiffs for liquidated damages and attorney's fees.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *(Conversion)*

68.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

69.     The Defendants are liable to Plaintiffs for conversion for each occasion on which the Defendants retained for their own use the tips that their patrons left for Plaintiff and Rule 23 Plaintiffs within one year of the date of filing of this action.

70.     As soon as patrons left tips for the Plaintiff and the Rule 23 Plaintiffs, the Plaintiff and the Rule 23 Plaintiffs acquired clear legal ownership and the right to possession of those tips – the tips became their property.

71.     The Defendants, by retaining the tips and failing to distribute them to the Plaintiff and the Rule 23 Plaintiffs, wrongfully dispossessed the Plaintiff and the Rule 23 Plaintiffs of their property rights, and as a result, the Plaintiff and the Rule 23 Plaintiffs have sustained substantial damages.

72.     The Defendants are liable for all damages sustained by the Plaintiff and the Rule 23 Plaintiffs because of the Defendants' conversion of their property, including punitive damages.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### (Retaliation Under the NYLL)

73.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

74.     Under the NYLL, "[n]o employer or his or her agent, or the officer or agent of any corporation . . . shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee (i) because such employee had made a complaint to his or her employer . . . that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter." NYLL § 215(1)(a).

75.     As described above, Plaintiff complained to Defendants about the Defendants' practice of retaining the tips that their customer left for Defendants' non-managerial employees. In retaliation for her complaints, Defendants terminated Plaintiff's employment.

76.     As a direct and proximate result of the Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, mental anguish and emotional distress, including but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-

14

confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

## DEMAND FOR A JURY TRIAL

77.     Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs demand a trial by jury on all issues and claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs respectfully request:

a.      A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws.

b.      An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs and/or Rule 23 Plaintiffs for participation in any form in this litigation;

c.      All damages that Plaintiff, FLSA Plaintiffs and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs would have received but for the Defendants' unlawful payment practices;

d.      Punitive damages for the Defendants' retaliatory conduct in violation of Section 215 of the NYLL;

e.      Punitive damages as provided by law for Defendants' unlawful conversion of Plaintiff's, FLSA Plaintiffs' and Rule 23 Plaintiffs' property;

f.      An award of damages in an amount to be determined at trial plus pre-judgment interest, to compensate Plaintiffs for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages,

compensation, job security and other benefits of employment as a result of Defendants' violation of Section 215 of the NYLL;

g.    An award of damages in an amount to be determined at trial to compensate Plaintiffs for all non-monetary and/or compensatory damages, including but not limited to, compensation for mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries as a result of Defendants' violation of Section 215 of the NYLL;

h.    Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

i.    Awarding Plaintiff, FLSA Plaintiffs and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

j.    Designation of Plaintiff and her counsel as class/collective action representative under the FLSA and FRCP 23;

k.      Pre-judgment and post-judgment interest, as provided by law; and

l.      Granting Plaintiff, FLSA Plaintiffs and Rule 23 Plaintiffs other and further relief

as this Court finds necessary and proper.

Dated: May _9_, 2014
        Great Neck, New York

                        Respectfully submitted,

                        BORRELLI & ASSOCIATES, P.L.L.C.
                        *Attorneys for Plaintiffs*
                        1010 Northern Boulevard, Suite 328
                        Great Neck, New York 11021
                        (516) 248-5550
                        (516) 248-6027


                        BRADLEY L. WILSON, ESQ (BW7932)
                        ALEXANDER T. COLEMAN, ESQ (AC1717)
                        MICHAEL J. BORRELLI, ESQ (MB8533)